LONG, Judge.
The appellant, Henry Burton, pleaded guilty on November 14, 1994, to the murder of Cheryl Smith. Following a sentencing hearing on December 2, 1994, the appellant was sentenced to 65 years’ imprisonment, and was ordered to pay a crime victims compensation fund assessment of $5,000 and to make restitution in the amount of $5,288. At the sentencing hearing, the appellant’s counsel requested “an opportunity to look at” the claim forming the basis of the $5,288 in restitution ordered by the trial court, and the prosecutor agreed to submit an affidavit concerning the restitution claim. R. 27. On December 29,1994, the appellant filed a “Motion to Stay Imposition of Restitution,” in which he alleged that the prosecutor had not allowed him to inspect any documentation supporting the restitution claim, and he requested a hearing on the amount of restitution. C.R. 12.
A hearing on the appellant’s motion was held on February 21,1995, at which the State offered into evidence two restitution affidavits. Each affidavit listed various expenses purportedly incurred as a result of the appellant’s crime. Some of the expenses had been borne by the victim’s family, while some of the expenses had actually been incurred by the Alabama crime victims compensation fund in compensating the victim’s family. One affidavit was signed by the victim’s mother, while the other affidavit was signed by Velma Easterling, a representative of the Alabama Crime Victims Compensation Commission. The total expenses listed on the victim’s mother’s affidavit was $2,214. The total expenses listed on Easterling’s affidavit was $6,660. After taking testimony and listening to argument by counsel, the trial judge ordered the appellant to pay $8,874, the sum of the totals on the two affidavits. On appeal, the appellant raises three issues concerning an amount of $3,000 for “future economic loss for [the victim’s] children” listed on Easterling’s affidavit. C.R. 34.
The trial judge made an entry in the case action summary, apparently after the hearing, awarding $8,874, as “restitution.”[1] C.R. *812 3. It appears, however, from the transcript of the hearing and other evidence in the record that the trial judge, in ordering the appellant to pay $8,874, actually meant for the appellant to pay a crime victims compensation fund assessment of $6,660 and to make restitution in the amount of $2,214. We find that it is necessary for the trial court to clarify its order before we address the appellant’s claims on appeal. Thus, this case is remanded with directions to the trial court to clarify its order of February 21, 1995, as to whether the appellant is to pay the crime victims compensation fund an assessment of $5,000, as initially ordered, or $6,660; as to whether consideration of the $3,000 amount designated for “future economic loss for [the victim’s] children” on the affidavit signed by Easterling was a basis for part of the assessment to be paid to the crime victims compensation fund or whether this amount was in fact part of the restitution ordered; and as to whether the amount of actual restitution ordered was $8,874 or $2,214 (i.e., $8,874 less $6,660). A return to remand shall be filed with this Court within 35 days of the date of this opinion.
REMANDED WITH DIRECTIONS. 
All Judges concur.

. The date in the case action summary is actually February 20, 1995. It appears this is a clerical error, because the hearing took place on February 21, 1995.